IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEONARD LEE ROGERS                                                                                          PLAINTIFF

v.                      Civil No. 3:23-cv-03034-TLB-MEF

BOONE COUNTY, ARKANSAS;
BOONE COUNTY SHERIFF'S DEPARTMENT;
GOVERNOR SARAH SANDERS;
PRESIDENT JOE BIDEN, United States;
ASSISTANT JAIL ADMINISTRATOR JASON SILVA;
SHERIFF MARTIN, Boone County, Arkansas;
SERGEANT HARP, Boone County Detention Center (BCDC);
DETENTION OFFICER MS. P., BCDC;
OFFICER TREAT, BCDC;
OFFICER LANCE COTTRELL, BCDC;
OFFICER BRANDON COTTRELL, BCDC;
CORPORAL HONEYMAN, BCDC;
JUDGE PUTTMAN, Boone County, Arkansas;
INVESTIGATOR MS. ISABELL;
CORPORAL ADMIRE, BCDC; JANE DOE, BCDC;
OFFICER MIXON, BCDC; OFFICER PHILLIPS, BCDC;
OFFICER BIGNER, BCDC; SERGEANT B, BCDC;
TURN KEY MEDICAL, Medical Care Provider for
Boone County, Arkansas;
JAIL ADMINISTRATOR JASON DAY, BCDC; and
OFFICER MRS. TREAT                                                                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Leonard Lee Rogers ("Rogers"), currently an inmate of the Boone County Detention Center ("BCDC"), has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

1

Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(b).

## I.     BACKGROUND

Rogers filed this action on August 15, 2023. (ECF No. 1). The Complaint was deficient. While Rogers had named numerous Defendants, he failed to assert factual allegations stating how each personally violated his federal constitutional rights, and for this reason he was directed to file an Amended Complaint. (ECF No. 3). Rogers was given explicit instructions on what an Amended Complaint must contain. *Id.* More specifically, he was told that in the Amended Complaint, he must write short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of his constitutional rights; and, (5) what specific injury he suffered because of that Defendant's conduct. He was again cautioned he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. *Id.* Rogers timely filed his Amended Complaint (ECF No. 6), and it is now the operative pleading. Rogers has sued the Defendants in both their individual and official capacities. *Id.*

In Claim One, Rogers alleges he has been subjected to cruel and unusual punishment because "for the last 50 days I have watched a[n] Inmate Relationship sexual assault between Officer Treat and Inmate Croom." (ECF No. 6 at 10-11). Rogers says he has witnessed Officer Treat grab Croom's "nipples" and has heard him say the following: "nice buns," "do you like boats," "I love pussy," and "I'll see you next year." *Id.* at 11. Rogers asserts that an inmate cannot consent to an Officer's doing such things, and that making him view it is unacceptable. *Id.*

2

Rogers urges that: a voice stress analysis be done on Officer Treat and Croom; Officer Treat be terminated; and a public statement and apology be issued. *Id.* Rogers also asks that all charges against him be dismissed. *Id.* He maintains Boone County, Sheriff Martin, Administrator Day, Assistant Administrator Silva, Sergeant Harp, Officer Mrs. P., Officer Mrs. Treat, and Officer Lance Cottrell have allowed this conduct. *Id.* at 10. Further, Rogers alleges Turn Key has failed to provide him and the other inmates with mental health care. *Id.* at 11. Rogers contends the Governor is responsible for not ensuring the staff was trained on the Prison Rape Elimination Act (PREA); the President for providing funds to Boone County to combat the PREA, but then failing to ensure the Department of Justice properly investigates the PREA claims. *Id.* Rogers, however, does not indicate that he filed a PREA complaint.

In Claim Two, Rogers contends the food he is served is inadequate. (ECF No. 6 at 23). He says he has been told there is a food budget yet they are forced to eat beans, sandwiches, hot dogs, and have to pay for their own cheeseburgers. *Id.* While inmates are fed like this, he says the staff gets steak, baked potatoes, salads, and red Kool-Aide. *Id.* Rogers questions whether Sheriff Martin is embezzling money and why staff do not have to pay for their meals. *Id.* He lists multiple Defendants as those involved in this claim. *Id.*

In Claim Three, Rogers says his conditions of confinement violate his constitutional rights. (ECF No. 6 at 11). Rogers alleges the Boone County Sheriff's Office is discriminating against him by treating him as a convicted sex offender when he is a pretrial detainee. *Id.* Rogers says: "The Judge has not sentenced me nor have the guards been made into correctional officers to correct my alleged difference." *Id.* Rogers maintains the sex offenders are not properly classified and assigned. Rogers then names Officer Lance Cottrell, Sergeant Harp, Officer

3

Brandon Cottrell, Investigator Isabell, Jane Doe, Officer Mrs. P., Corporal Admire,[1] Sergeant B., Officer Phillips, Officer Bigner, Sergeant B., Turn Key Medical, Administrator Day, Assistant Administrator Silva, and Sheriff Holloway. *Id.* Rogers says the County received federal grants and money to separate sex offenders. *Id.* He states they are housed upstairs, treated differently, and staff "never change the tv shows."[2] *Id.* Rogers alleges this treatment violated his constitutional rights. *Id.* Finally, Rogers states he fears retaliation by the 309 inmates, the sheriff's deputies, the Sheriff, and jailers. *Id.*

In Claim Four, Rogers alleges Officer Lance, Assistant Administrator Silva, Administrator Day, and Sheriff Martin are violating his First Amendment rights by "marking up the paper and blacking out all the women, kids, and cows." (ECF No. 6 at 15). Rogers again points out he has not been convicted and says he is being treated as if the Defendants were "the Judge and Jury." *Id.* Rogers requests a court order directing Defendants to stop blacking out portions of the paper and that Officer Lance be fired. *Id.* Rogers then lists the following Defendants: Boone County, Boone County Sheriff's Department, Governor Sanders, President Biden, Assistant Administrator Silva, Sheriff Martin, Sergeant Harp, Officer Mrs. P., Officer Treat, Officer Lance Cottrell, Corporal Honeyman, Judge Puttman, Investigator Isabell, Corporal Admire, Jane Doe, Officer Mixon, Officer Phillips, Officer Bigner, Sergeant B., and Turn Key Medical. *Id.*

In Claim Five, Rogers alleges Administrator Day and Sheriff Martin are violating his First Amendment rights by denying him access to books. (ECF No. 6 at 16). Rogers says this conduct

---

[1] In places this name is spelled Corporal Admire and in others Corporal Admierer. As Rogers only lists one version or the other, the Court assumes it is two different spellings of one name.
[2] While inmates have a right to access to the news, there is no freestanding right to watch the television or listen to the radio. *Temple v. Dahm,* 905 F. Supp. 670, 674 (D. Neb. 1995).

also denies his "6th amendment and 14th amendment of due process" and constitutes cruel and unusual punishment. *Id.* He asks that he be granted access to books. *Id.* If he is denied access to a book, he requests he be given an explanation in accordance with the "Boone county manual 000393." *Id.* Rogers then lists the following Defendants: Boone County, Boone County Sheriff's Department, Governor Sanders, President Biden, Assistant Administrator Silva, Sheriff Martin, Sergeant Harp, Officer P., Officer Treat, Officer Lance Cottrell, Corporal Honeyman, Judge Puttman, Ms. Isabelle, Corporal Admire, Jane Doe, Officer Mixon, Officer Phillips, Officer Bigner, Sergeant B., and Turn Key Medical. *Id.*

In Claim Six, Rogers alleges they were not allowed any haircuts the last weekend of May 2023. (ECF No. 6 at 17). Rogers asks that they be given back "monthly haircuts." *Id.* Rogers then lists the following Defendants: Boone County, Boone County Sheriff's Department, Governor Sanders, President Biden, Assistant Administrator Silva, Sheriff Martin, Sergeant Harp, Officer Mrs. P., Officer Treat, Officer Lance Cottrell, Corporal Honeyman, Judge Puttman, Investigator Isabell, Corporal Admire, Jane Doe, Officer Mixon, Officer Phillips, Officer Bigner, Sergeant B., and Turn Key Medical. *Id.*

In Claim Seven, Rogers alleges:

Everytime I call she is so hateful to me[.] She called here once and asked for me, when [I] got to the phone in the Bubble she told me to stop writing my Public Defender and if [I] didn't stop calling [I] could just get a paid attorney for which [I] do not have the money for that[.] [A]lso every time [I] schedule a certain time and day for my Public Defender to call me it's always on a [T]uesday the day he's in court[.] [I]'ve been scheduled 9 times now and I've lit[e]rally talked to my Public defender 1 time and seen him 1 time and I've been here since February 02-07-2022. I really need to talk to my Public Defender to find out what['s] going on[.] [A]lso she the secretary came up here to show me some DVD of my alleged victim that supposed to be between me and my attorney[.] I really don't know what to do at this point. (ECF No. 6 at 18).

5

For resolution of this issue, Rogers stated he needs to see his public defender as soon as possible. (ECF No. 6 at 18). Rogers then lists the following Defendants: Boone County, Boone County Sheriff's Department, Governor Sanders, President Biden, Assistant Administrator Silva, Sheriff Martin, Sergeant Harp, Mrs. P., Officer Treat, Officer Lance Cottrell, Officer Branden Cottrell, Corporal Honeyman, Judge Puttman, Investigator Isabell, Corporal Admire, Jane Doe, Officer Mixon, Officer Phillips, Officer Bigner, Sergeant B., and Turn Key Medical. *Id.*

For relief, Rogers asks for the following: (1) a public apology; (2) to be separated according to federal regulations; (3) to see his public defender as soon as possible; (4) for the staff to pay for the meals they received and will continue to receive; (5) for the Sheriff to publicly apologize to the Daily Times on all news stations in the area; (6) for federal officers to review court documents and jail records; (7) for the Internal Revenue Service to do an audit on all employees; (8) for charges to be brought against the Defendants who need it; and (9) an investigation into how the jail has kept its' accreditation. (ECF No. 6 at 19).

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to

6

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A.   President Biden[3]

##### 1.   Absolute Immunity

President Biden "as the chief constitutional officer of the Executive Branch" is "entitled to

---

[3] Section 1983 does not apply to federal officials. Instead, claims against federal officials are brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (recognizing for the first time an implied action for damages against federal officials alleged to have violated a citizen's constitutional rights).

absolute immunity from damages liability predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). In *Fitzgerald*, the Supreme Court stated that "[i]n view of the special nature of the President's constitutional office and functions, we think it appropriate to recognize absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of his official responsibility." *Id.* at 756. Rogers has not alleged any personal, private, or unofficial conduct on the part of President Biden that might suggest absolute immunity is not applicable. *Clinton v. Jones*, 520 U.S. 681, 694 (1997) (immunity does not extend to "unofficial conduct" or conduct "beyond the scope of any action taken in an official capacity"). Therefore, President Biden enjoys absolutely immunity from Rogers' claims in this action. Further, no plausible claim has been stated against President Biden because the BCDC receives federal funding in connection with PREA.

### 2. Individual Capacity Claim

Claims brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) are treated the same as § 1983 suits against state officials. There can be no respondeat superior liability—that is, no vicarious liability based solely on an employment relationship. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rogers has made no such allegations against President Biden.

### B. Governor Sanders

### 1. Sovereign Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of

the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene*, 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney*, 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Governor Sanders are, therefore, barred by the Eleventh Amendment.

### 2. Declaratory and Injunctive Relief

To the extent the Amended Complaint (ECF No. 6) seeks declaratory relief in various forms, including a public apology, the request is barred by sovereign immunity. The exception to

Eleventh Amendment immunity, created by the doctrine of *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), which allows a party to seek prospective injunctive relief in federal court against state officials in their official capacities, does not apply to requests for declaratory relief establishing past violations of federal law. *Verizon Maryland, Inc., v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 646 (2002).

### 3. Individual Capacity Claim

To the extent Rogers attempts to assert an individual capacity claim against Governor Sanders, his claim also fails. Liability under § 1983 requires personal involvement. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 654, 694 (1978).

Rogers has failed to allege that Governor Sanders had any "personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). The mere fact that the BCDC may receive some state funds is insufficient to establish a "causal connection between any action [on Governor Sanders' part] and the alleged deprivation" of Rogers' rights. *Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993). Rogers has failed to state a plausible individual capacity claim against Governor Sanders.

### C. Boone County Sheriff's Department

A Sheriff's Department is not a person subject to suit under § 1983. *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*,

974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such ... [t]hey are simply departments or subdivisions of the City government").

### D.  Judge Puttman[4]

Judge Putman is immune from suit. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2), if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). *Id*. Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted). Thus, any claim for damages is barred. Furthermore, § 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. No plausible claim is stated against Judge Putman.

### E.  Sheriff Martin, Assistant Jail Administrator Silva, and Administrator Day

An individual may be sued under § 1983 in both his individual and his official capacity.

---

[4] Presumably, Rogers is referring to the Honorable John Putman, Fourteenth Judicial Circuit, Division 3, presiding in Baxter, Boone, Marion, and Newton Counties.

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted).

### 1.     Official Liability Claims

"Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted). "It is only when the execution of the government's policy or custom [or failure to train its' employees]. . . inflicts the injury that the municipality may be held liable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 & 388 (1989) (citations and internal quotation marks omitted) (recognizing for the first time that a municipality's failure to train its' employees could subject it to liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact").

Rogers utilized the court-approved form in filing his Amended Complaint. (ECF No. 6). The form provides an area under each claim for the plaintiff to "describe the custom, policy, or widespread practice that you believe caused the violation of your constitutional rights." *See e.g., Id.* at 9. Instead of describing a custom, policy, or practice, Rogers wrote the resolution he sought. *Id.* Rogers makes no argument that any of the BCDC policies are unconstitutional.

The next method of establishing municipal liability is through the existence of an unofficial custom:

> [A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Corwin*, 829 F.3d at 700 (citation and internal quotation marks omitted).

In reviewing Rogers' claims, the Court must liberally construe his allegations and weigh all factual allegations in his favor. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (Court must liberally construe the facts unless they are clearly baseless—those that are fanciful, fantastic, and delusional). In Claim Two, Rogers has alleged a plausible official capacity claim based on the BCDC's pattern or practice of providing substandard meals to detainees while providing detention personnel with superior meals. In Claim Three, Rogers alleges that he is discriminated against because he is a pretrial detainee and that sex offenders are improperly classified and assigned. The Court believes a plausible official capacity claim is stated in Claim Three. In Claim Four, a plausible official capacity claim is stated based on Rogers' allegations that the newspapers are "marked up" or areas are blacked-out before being given to inmates. Finally, in Claim Five, Rogers' assertion that he is being denied access to books and given no explanation states a plausible official capacity claim. In finding that plausible official capacity claims are stated, the Court makes no comment on the strength of these claims and whether they will survive a summary judgment motion.

### 2.     Individual Liability Claims

The next question, then, is whether Rogers has asserted plausible individual capacity claims against Sheriff Martin, Assistant Administrator Silva, or Administrator Day. "[A] general

13

responsibility for supervising the operations of a [detention center] is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). In other words, "[p]rison administrators cannot be held liable on a vicarious liability theory for the acts of their subordinates absent factual allegations of personal participation, direction, or acquiescence in those acts and omissions." *Walker v. Missouri Bd. of Prob. & Parole*, 586 F. Supp. 411, 413 (W.D. Mo. 1984). Except for Claim Two (in which Rogers alleges Sheriff Martin is embezzling funds meant to feed the inmates), Rogers has alleged no facts suggesting any personal involvement on the part of Sheriff Martin, Assistant Administrator Silva, or Administrator Day. While Rogers' allegation that Sheriff Martin is embezzling funds designated to feed inmates may seem improbable, the Court is not free to dismiss such an allegation. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).[5] No plausible individual liability claims are stated against Assistant Administrator Silva or Administrator Day.

     **F.**    **Claim One—Exposure to Sexual Harassment**

Croom is the victim of the alleged sexual harassment and not a party to this case. Rogers may not assert a claim on her behalf. *See* 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not a licensed attorney may not represent another individual in federal court). Because he was not the victim of the harassment, Rogers has failed to assert a plausible sexual harassment claim. *See e.g., Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (sexual harassment can never serve a legitimate penological interest and may in certain

---

[5] "Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.'" *Id.* (quoting Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan & W. Pratt eds. 1977)).

circumstances constitute the unnecessary and wanton infliction of pain in violation of the Eighth Amendment). Similarly, because Rogers expressed no fear that he would be subjected to sexual harassment, no plausible failure to protect claim is stated. *See e.g., Schoelch v. Mitchell*, 625 F.3d 1041 (8th Cir. 2010) (inmate must show he was incarcerated under conditions posing a substantial risk of serious harm and defendant was deliberately indifferent to the risk of harm); *Buckner v. Hollins*, 983 F.2d 119, 112 (8th Cir. 1993) (deliberate indifference test is applicable to allegations that prison guards or officials failed to protect an inmate from attack by prison guards).

The only other possible claim would be a conditions of confinement claim. Pretrial detainees may not be subjected to conditions of confinement that are punitive in effect. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (Detainee's conditions of confinement violate the Due Process Clause of the Fourteenth Amendment if they amount to punishment of the detainee). Conditions of confinement must be humane and ensure the basic necessities of adequate food, clothing, shelter, medical care, and safety. *See e.g., Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). In considering whether a conditions of confinement claim states a sufficiently serious deprivation the Court considers, among other things, the duration of alleged inhumane condition. Exposure to certain conditions such as excessive noise, light, disease, or chemicals can support a valid constitutional claim provided the exposure is of sufficient duration and/or of sufficient severity. *See e.g., Murphy v. Dowd*, 975 F.2d 1229, 1234 (8th Cir. 1992) (subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare); *Williams v. Jackson*, 600 F.3d 1007 (8th Cir. 2010) (exposure to harmful ultraviolet light caused by removing the shield designed to protect from the light); *Chocate v. Runion*, No. 4:20-

cv-04109, 2022 WL 3908836 (W.D. Ark. Aug. 30, 2022) (exposure to COVID-19 insufficient to state a claim where facility adopted extensive policies and procedures to deal with the threat); *Johnson v. Boyd*, 676 F. Supp. 2d 800 (E.D. Ark. 2009) (no claim stated from exposure to chemicals from professional exterminator where ventilation system was working). The Court, however, cannot say at this stage of the litigation that the daily exposure to a guard sexually assaulting another prisoner, as Rogers alleges, can never state a claim of constitutional dimension. Rogers has, therefore, stated a plausible claim.

The question becomes: who has Rogers asserted a plausible claim against? Clearly, Officer Treat, since he is the alleged harasser. With respect to Turn Key Medical, Rogers only asks that it be directed to provide mental health care to the inmates. Rogers does not allege Turn Key denied his requests for mental health care or otherwise violated the constitution with respect to this claim. Moreover, Rogers also lists Sheriff Martin, Assistant Administrator Silva, Sergeant Harp, Mrs. P., and Mrs. Treat, stating only that they have allowed this conduct to occur. This is insufficient. Section 1983 requires proof of an affirmative causal connection between the actions of each Defendant and the constitutional deprivation at issue. Thus, the only plausible claim is against Officer Treat.

  **G. Claim Two—Inadequate Diet**

The Court has already found that Rogers has stated a plausible individual and official capacity claim against Sheriff Martin and plausible official capacity claims against Assistant Administrator Silva, and Administrator Day. However, Rogers once again takes the "shotgun" approach to naming Defendants; he names Sergeant Harp, Mrs. P., Officer Treat, Officer Cottrell, Corporal Honeyman, Mrs. Isabell, Corporal Admire, Officer Mixon, Officer Phillips, Officer

Bigner, Sergeant B., and Turn Key Medical. He fails to allege any personal involvement of these Defendants regarding the provision of an alleged inadequate diet; he also fails to allege that they had any authority to change the diet. No plausible claim is stated against these Defendants.

### H. Claim Three—Sex Offender Classification, Assignment, and Discrimination

A plausible official capacity claim has been stated against Sheriff Martin, Assistant Administrator Silva, and Administrator Day. However, Corporal Cottrell, Sergeant Harp, Officer Bryant, Corporal Admire, Sergeant B., and Officer Phillips are also named as Defendants. Rogers does not allege that any of these Defendants were involved in the creation of the classification or assignment policies, applied the policies in an improper manner, or personally discriminated against him. No plausible claims are stated against these Defendants.

### I. Claim Four—First Amendment Rights to Newspaper

The Court believes a plausible official capacity claim has been stated against Sheriff Martin, Assistant Administrator Silva, and Administrator Day. Rogers also names as Defendants on this claim Sergeant Harp, Mrs. P., Officer Treat, Officer Cottrel, Corporal Honeyman, Ms. Isabell, Corporal Admire, Officer Mixon, Officer Phillips, Officer Bigner, Sergeant B., and Turn Key Medical. Once again, he fails to allege any personal involvement on their part, that they have the authority to stop the practice, or that they had any part in implementing the practice. This is simply insufficient to state plausible claims against them.

### J. Claim Five—First Amendment Right to Access to Books

Plausible official capacity claims have been made against Sheriff Martin, Assistant Administrator Silva, and Administrator Day. However, Rogers also names as Defendants involved in this claim Sergeant Harp, Officer P., Officer Treat, Officer Cottrell, Corporal

Honeyman, Ms. Isabell, Corporal Admire, Officer Mixon, Officer Phillips, Officer Bigner, Sergeant B., and Turn Key Medical. Rogers fails to allege that any of these Defendants were personally involved in adopting the policy which denied him access to books, personally denied him access to books, or had any authority to change the policy. No plausible claims have been asserted against these Defendants.

### K. Claim Six—Not Allowed Haircuts the Last Weekend of the Month

Rogers asks that the inmates be given back their monthly haircuts. At the time Rogers filed the Amended Complaint, inmates had only been denied the monthly haircuts on one occasion.

"[T]here is no clearly established constitutional right to a haircut." *Simmons v. Lanigan*, No. 16-4215, 2021 WL 1712577, *6 (D.N.J. Apr. 30, 2021) (cleaned up). An allegation that an inmate has been denied a haircut falls far short of that necessary to state a constitutional violation. *Stevenson v. Lubbock Cty. Sheriff's Dep't.*, No. 93-1532, 1993 WL 347322, *1 (5th Cir. Aug. 20, 1993); *see also Russell v. Helder,* No. 5:15-cv-05082, 2016 WL 4014106, *5 (W.D. Ark. June 28, 2016) (failure to receive shave or haircut unless inmate had court insufficient to state an unconstitutional condition of confinement claim). No plausible claim is stated in Claim Six.

### L. Claim Seven—Inability to Meet with His Public Defender

No plausible claim is stated against any of the named Defendants. Instead, Rogers indicates it is a secretary at the public defender's office who is impeding his access and only scheduling his appointment for days the attorney is in court. Personal involvement is essential to § 1983. Rogers does not allege that any of the named Defendants played any part in scheduling his appointments with his public defender, precluded him from making appointments, or interfered

18

in any way with the public defender's access to Rogers. No plausible claim is stated in Claim Seven.

## IV. CONCLUSION

For these reasons, it is recommended that:

- All claims against President Biden be dismissed.

- All claims against Governor Sanders be dismissed.

- All claims against the Boone County Sheriff's Department be dismissed.

- All claims against Judge Puttman be dismissed.

- All individual capacity claims against Assistant Administrator Silva and Administrator Day be dismissed.

- Except for Claim Two, the remaining individual capacity claims against Sheriff Martin be dismissed.

- Claim Six be dismissed.

- Claim Seven be dismissed. And,

- All claims against the following Defendants should be dismissed: Sergeant Harp; Officer Mrs/Ms. P; Officer Lance Cottrell; Officer Brandon Cottrell; Corporal Honeyman; Investigator Ms. Isabell; Corporal Admire; Jane Doe; Sergeant B.; Turn Key Medical; Officer Mixon, Officer Bigner, Officer Phillips, and Officer Mrs. Treat.

This leaves for later adjudication the individual capacity claim against Officer Treat (Claim One), the individual capacity claim against Sheriff Martin (Claim Two), and the official capacity claims against Sheriff Martin, Jail Administrator Day, and Assistant Administrator Silva (Claims

19

One through Five). By separate Order the Amended Complaint will be served on these four Defendants.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of September 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE