IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEONARD LEE ROGERS                                                                           PLAINTIFF

v.                                    Civil No.  3:23-cv-03034-TLB-MEF

ASSISTANT JAIL ADMINISTRATOR
JASON SILVA; SHERIFF ROY MARTIN;
OFFICER TONYA TREAT; and
JAIL ADMINISTRATOR JASON DAY                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Leonard L. Rogers, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court on a Motion to Dismiss (ECF No. 21) filed by Defendants.

### I.   DISCUSSION

On May 8, 2024, Defendants filed a Motion to Dismiss indicating Plaintiff expressed a desire to dismiss the case.  (ECF No. 21).  In support, Defendants filed pages from Plaintiff's deposition taken on May 1, 2024.  (ECF No. 21-1).  Plaintiff testified he wanted to dismiss the case.  *Id.* at 4.  He further stated he understood he would no longer be able to pursue relief against the Defendants.  *Id.* at 5.  Plaintiff stated he was "under the impression that [he] would have an attorney appointed to" him.  *Id.*  He stated he no longer desired to pursue the case on his own.  *Id.*

1

Defense counsel then took Plaintiff though each of his claims, sexual harassment, inadequate diet, improper classification, denial of access to unedited newspapers, denial of access to books, and asked if he wanted to dismiss the claims. *Id.* at 5-6. Plaintiff responded affirmatively to each one. *Id.* Defense counsel advised Plaintiff that based on his testimony a Motion to Dismiss the case would be filed. *Id.* at 6.

The Court notes that on May 1, 2024,[1] a Motion for Appointment of Counsel was filed by the Plaintiff. (ECF No. 19). Plaintiff stated he had a video deposition scheduled for May 1, 2024, at 9 a.m.**,** and **he** requested the appointment of counsel or a continuance of the deposition. *Id.* The Court ruled on the Motion on May 2, 2024, denying it as moot as the deposition would have already occurred. (ECF No. 20). This is the only motion for appointment of counsel filed by the Plaintiff.

Out of an abundance of caution and to ensure procedural fairness, an Order was entered giving Plaintiff until May 30, 2024, to respond to the Motion to Dismiss. (ECF No. 22). To date, Plaintiff has not responded to the Motion or otherwise communicated with the Court.

## II.   CONCLUSION

For these reasons, it is recommended that Defendant's Motion to Dismiss (ECF No. 21) be **GRANTED and this case be DISMISSED WITHOUT PREJUDICE**.

**Status of Referral:  The referral should be terminated upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[1] The envelope was post-marked April 29, 2024.

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 3rd day of June 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE
